IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRIEANNA DELONG and
ADAM STAMPER,
husband and wife,

       Plaintiffs,

v.                          Civil Action No. 5:13CV158
                                           (STAMP)
BANK OF AMERICA, N.A.,
JOHN DOE NOTE HOLDER,
SAFECO INSURANCE COMPANY
OF AMERICA and
BALBOA INSURANCE COMPANY,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND AND
DENYING WITHOUT PREJUDICE DEFENDANT
BALBOA INSURANCE COMPANY'S MOTION TO DISMISS</u>**

## I. <u>Background</u>

The plaintiffs commenced this action in the Circuit Court of Ohio County, West Virginia, asserting claims against the above-named defendants arising out of a dispute over the placement of, and payment of the premium for homeowners' insurance upon the plaintiffs' residence. The plaintiffs assert ten separate counts arising out of this dispute in their complaint, including Counts IX and X, which are respectively the plaintiffs' counts concerning damages and punitive damages. Counts I, III, IV, and V are respectively plaintiffs' claims against Bank of America and John Doe Note Holder for breach of contract, fraud, negligent misrepresentation, and unfair debt collection. Counts II and VI

are respectively plaintiffs' claims against Bank of America for breach of fiduciary duty and unfair and deceptive practices. Lastly, Count VII is plaintiffs' claim against Safeco Insurance Company of America ("Safeco") for breach of contract and bad faith, and Count VIII is plaintiffs' claim for breach of contract and bad faith against Balboa Insurance Company ("Balboa").

Safeco removed this action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Safeco contends that this Court has jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the plaintiffs are citizens of West Virginia, while each defendant is a citizen of a state other than West Virginia. Both Bank of America and Balboa filed notices of their consent to removal. In Bank of America's consent to removal, it asserts that the amount in controversy is met based on the allegations in the plaintiffs' complaint. Specifically, Bank of America asserts that the plaintiffs' West Virginia Consumer Credit Protection Act ("WVCCPA") claims may entitle the plaintiffs to up to $83,241.18 in damages and attorneys' fees of up to $25,000.00 and such total may be multiplied three to five times based on the plaintiffs' request for punitive damages.

The plaintiffs then filed a motion to remand this action, arguing that the amount in controversy was not met. First, the plaintiffs assert that the notice of removal is completely silent

2

on the subject of value, except for a conclusory allegation that the jurisdictional amount has been satisfied.  The plaintiffs further contend that whether or not Bank of America's contention contained within its notice of consent is considered, it provides no proof of the amount in controversy.

Safeco and Bank of America both filed responses to the plaintiffs' motion to remand arguing that the amount in controversy has in fact been established.  Safeco also filed an affidavit from an attorney licensed to practice law in the State of West Virginia, who estimated the plaintiffs' damages will likely exceed $75,000.00 if they are successful as to their claims and the attorneys' fees and costs will also likely exceed $75,000.00.  Balboa filed a motion to dismiss the plaintiffs' complaint, but not a response to the motion to remand.  This Court stayed the briefing on Balboa's motion to dismiss pending the outcome of the plaintiffs' motion to remand.  See ECF No. 17.  The plaintiffs then filed a reply in support of their motion.  Thus, the motion to remand is fully briefed and ripe for this Court's review.  For the reasons stated below, this Court grants the plaintiffs' motion for remand.

## II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of

cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only

evidence that was available at the moment the petition for removal was filed.  Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III.  Discussion

As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); and Haynes v. Heightland, No. 5:05CV127, 2006 WL 839512 at *3 (N.D. W. Va. Mar. 28, 2006).  With regard to claims for which the plaintiffs make no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice.  See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument").

Here, in its notice of removal, Safeco failed to include any evidence or make any allegations in its notice of removal concerning the amount in controversy, besides the general bare assertion that the plaintiffs' claims exceed $75,000.00.  Thus, the notice of removal alone is not sufficient to establish the amount in controversy.  In Safeco's response to the plaintiffs' motion to remand, Safeco argues that a common sense reading of the amended

complaint demonstrates the requisite amount in controversy.  In making this argument, Safeco likens this case to that of Etchison v. Westfield Ins., No. 5:05CV132, 2006 WL 2796658 (N.D. W. Va. Sept. 26, 2006).  In Etchison, the plaintiff asserted claims under the West Virginia Unfair Trade Practices Act ("WVUTPA") and sought attorneys' fees, punitive damages, and compensatory damages.  This Court found that based on the damages sought, common sense suggests that an award in excess of the amount in controversy was conceivable.  Safeco asserts that the same finding should be made here based on the damages sought, the claims asserted, and the fact that the punitive damages award would be substantial due to the corporate defendants involved.

First, this Court notes that Safeco failed to also include in its recitation of the facts in Etchison that this Court also had specific evidence of the damages sought by the plaintiff. Specifically, the defendant in Etchison provided this Court with two separate demand requests from the plaintiff.  The plaintiff first demanded $3 million in damages.  Thereafter, the plaintiff reduced the demand to $70,000.00.  Accordingly, when this Court found that common sense suggests that based on the damages sought, an award in excess of $75,000.00 was conceivable, this Court did not make this finding based merely on the general damages demand and general violations claimed in the plaintiff's complaint. Instead, this Court had specific evidence that the damages sought

6

may exceed $75,000.00 based on the plaintiff's initial demand of $3 million. Thus, Etchison is not as similar to the current case as Safeco purports it to be. This Court finds that a common sense reading of the complaint alone is not sufficient for this Court to find that Safeco has established the amount in controversy exceeds $75,000.00. The plaintiffs in this case only make general allegations concerning the possible violations of law committed by Safeco. The monetary value of these violations is unclear from the face of the complaint.

Second, this Court finds that the possibility of punitive damages remains too speculative at this early stage in the litigation to establish that the amount in controversy is in excess of $75,000.00. This Court recognizes that punitive damages may be considered if they are recoverable. Watterson v. GMRI, Inc., 14 F. Supp. 844, 851 (S.D. W. Va. 1997). Further, the financial position of the defendants are relevant to a determination of punitive damages. Garnes v. Fleming Landfill, Inc., 413 S.E.2d 897, 909 (W. Va. 1991). Here, however, Safeco has not demonstrated that punitive damages are probable and it has failed to provide a supportable estimate of what the amount of punitive damages would be if assessed. The mere likelihood of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 938 (S.D. W. Va. 1996). While the defendants may be "substantial corporate defendants,"

this alone cannot establish the requisite amount in controversy. Further, as stated above, Safeco has failed to establish a supportable approximation of the possible compensatory damages. Punitive damages are to bear a reasonable relationship to compensatory damages. Alkire v. First Nat. Bank of Parsons, 475 S.E.2d 122, 130 n.10 (W. Va. 1996). Thus, because this Court does not have a supportable figure for compensatory damages, it cannot estimate or begin to consider what the possible punitive damages may be in this case.

Safeco also asserts that to put the damages at issue into perspective, this Court should consider the damages awarded in AIG Domestic Claims, Inc. v. Hess Oil Co., 751 S.E.2d 31 (W. Va. 2013). AIG involved a case in which the plaintiff, an oil distribution company, brought an unfair trade practices action against its insurer after the insurer denied the plaintiff coverage for an environmental remediation claim. 751 S.E.2d 31. The jury awarded the plaintiff $5 million in compensatory damages and $53 million in punitive damages. Id. at 36. The court later reduced the punitive damages award to $25 million. Id. This Court may consider the amount of damages awarded in other similar cases when determining whether the damages in this case would be in excess of the amount in controversy. Watterson, 14 F. Supp. 2d at 850. AIG, however, is not a similar case to the one at issue, as it dealt with a $252,000.00 insurance claim involving environmental remediation.

8

751 S.E.2d at 36.  The plaintiffs' insurance claim in this action is for $2,500.00 and involves damage to a residence, which this Court believes is vastly different from a six figure claim for environmental remediation.  Further, while Safeco cites <u>AIG</u> partly for the proposition that the punitive damages in this case may be substantial, this Court notes that the district court in <u>AIG</u> questioned whether the evidence rose to the necessary level of actual malice so as to allow such an award.  <u>Id.</u> at 43.  The West Virginia Supreme Court, however, did not reach this issue, as it reversed the jury's verdict and ordered a new trial for other reasons.  <u>Id.</u>  Therefore, this Court does not find it proper to compare this case to the case at issue as its factual background is vastly different and further, the jury's verdict was ultimately reversed.

Lastly, in responding to the plaintiffs' motion to remand, Safeco submitted an affidavit from Ancil G. Ramey, an attorney licensed to practice in West Virginia.  Mr. Ramey represents that he has been involved in dozens of banking and insurance cases involving claims under the WVCCPA and WVUTPA, and alleging breach of contract, breach of the covenant of good faith and fair dealing, and first-party bad faith claims.  Mr. Ramey states that after reviewing the complaint in this matter, it is his opinion that if the plaintiffs prevail on all of their claims, the award will more likely than not exceed $75,000.00.  Mr. Ramey then proceeds to

outline the plaintiffs' claims and assess their value.  Assuming without deciding that it is even proper to consider such an affidavit, this Court finds that the affidavit is overly speculative.  It is based only on approximations of what plaintiffs may possibly be entitled to based on the allegations presented in the complaint.  These approximations do not satisfy Safeco's burden of showing by a preponderance of the evidence that the plaintiffs' damages are in excess of $75,000.00.

Bank of America also responded in opposition to the plaintiffs' motion to remand.  Bank of America alleges that the plaintiffs have explicitly delineated at least 13 different statutes under the WVCCPA.  Thus, Bank of America asserts that the plaintiffs are alleging at least 13 violations of the WVCCPA.  This Court does not read the cited portions of the plaintiffs' complaint to allege 13 different violations.  Instead, this Court reads those cited portions of the plaintiffs' complaint that involve the various provisions of the WVCCPA as asserting that Bank of America is subject to those delineated provisions based on Bank of America's status as a debt collector, not that a violation exists concerning each provision.  Further, as the plaintiffs indicate, a single act, which violates multiple provisions of the WVCCPA, is only subject to a single penalty.  <u>Sturm v. Providian National Bank</u>, 242 B.R. 599 (S.D. W. Va. 1999).  As to how many acts that the plaintiffs assert violated these provisions, the plaintiffs

10

only allege that Bank of America's conduct constitutes "one or more violations."  ECF No. 1 Ex. 1 *15.  Thus, based on the complaint alone, this Court finds that it cannot at this time determine how many violations the plaintiffs are actually asserting against Bank of America so as to allow this Court to even begin estimating the compensatory damages at issue.  Further, as stated above, this Court cannot estimate the total punitive damages award available when it cannot begin to estimate the compensatory damages at issue. Therefore, this Court must remand this action to the state court, as it finds that neither Safeco nor Bank of America have established by a preponderance of the evidence that the amount in controversy in this matter will exceed $75,000.00.[1]

## IV.  Conclusion

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 11) is GRANTED, defendant Safeco Insurance Company of America's motion to fix a date certain[2] (ECF No. 19) is DENIED AS

---

[1]Nothing, however, prevents the defendants from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable.  28 U.S.C. § 1446(b).  Of course, this case may not be removed on the basis of diversity more than one year after commencement of the action.  Id.

[2]Prior to filing its response to the plaintiffs' motion to remand, Safeco filed a motion to fix a date certain concerning the deadline for submission of opposition briefs.  As this Court considered such opposition briefs in the above ruling and the plaintiffs did not object to the timeliness of such filings, this Court need not address whether such briefs were in fact timely filed.

MOOT, and defendant Balboa Insurance Company's motion to dismiss (ECF No. 15) is DENIED WITHOUT PREJUDICE to being raised in state court, if appropriate.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 16, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

12